**No. 51209.**—Protest 48640–K of Ti Hang Lung & Co. (San Francisco).

Opinion by CLINE, J. At the original hearing the United States examiner testified that the merchandise consisted of "just dry frog; whole frogs, dried." It was held that the collector's classification was incorrect since frogs are not meats, following *Pacific Trading Co.* v. *United States* (8 Cust. Ct. 221, C. D. 610), and that the merchandise was dutiable at 20 percent under paragraph 1558 as unenumerated articles. However, since no testimony was introduced to show by what process the frogs were dried, it was held that they were dutiable as manufactured articles. At the rehearing the examiner testified that the frogs were whole, not cut up, with no parts missing, and that he did not know whether they were sun dried or dried by some other process. Since the additional testimony did not indicate what process was used in drying the frogs, the court adhered to its original decision sustaining the protest and holding the merchandise dutiable at 20 percent under paragraph 1558 as an unenumerated manufactured article.

**No. 51210.**—Protest 111827–K of L. E. Kriener-Hopkins (Cleveland).

Opinion by CLINE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919). In accordance therewith the claim for free entry was sustained.

**No. 51211.**—Protests 111782–K, etc., of Geo. S. Bush & Co., Inc., et al. (Seattle).

Opinion by CLINE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919). In accordance therewith the claim for free entry was sustained.

**No. 51212.**—Protests 45157–K, etc., of Scaramelli & Co., Inc. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and following the decisions cited the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for the cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269; and (2) 1 percent for the cheese similar to the Reggiano cheese the subject of *Scaramelli* v. *United States, supra.* The protests were sustained to this extent.