(C. D. 1574)

ATALANTA TRADING CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided January 7, 1954)

*Martin A. Fromer*; *Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel), associate counsel; for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

JOHNSON, Judge: This is a protest against the collector's assessment of duty on frozen frog legs imported from Cuba at 8 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as modified by the exclusive trade agreement with Cuba, T. D. 51819. Various claims were made in the protest but those relied upon by the plaintiff are (1) that the merchandise is dutiable at 1½ cents per pound as fish under paragraph 717 (b) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, by virtue of the similitude clause of paragraph 1559, or (2) at 3 cents per pound as game under paragraph 704, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, either directly or by similitude.

The pertinent provisions of the tariff act and of the trade agreements are as follows:

Tariff Act of 1930:

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of

10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

PAR. 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *.

Exclusive trade agreement with Cuba, T. D. 51819:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1558 | Frog legs, fresh, chilled, frozen, prepared, or preserved_____ | 8% ad val. |

General Agreement on Tariffs and Trade, T. D. 51802:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 704 | Other game (except birds), fresh, chilled, or frozen, not specially provided for_____ | 3¢ per lb. |
| * | *     *     *     * | *     * |
| 717 (b) | Fish, fresh or frozen (whether or not packed in ice), filleted, skinned, boned, sliced, or divided into portions, not specially provided for: | |
| * | *     *     *     * | *     * |
| | Other_____ | 1½¢ per lb. |

The testimony of the witnesses at the trial, who were all called by the plaintiff, related to the way in which frogs are caught in Cuba and the legs prepared for shipment, how and by whom they are handled commercially, their material, use, and texture, and their biological classification. This evidence was introduced for the purpose of showing that frog legs are similar to fish, or are game, or similar to game, and in our view of the case is entirely immaterial.

The exclusive trade agreement with Cuba, T. D. 51819, provides specifically for "Frog legs, fresh, chilled, frozen, prepared, or preserved" under paragraph 1558 thereof. It is stated in the agreement that the provisions in the schedule relating to the United States of America shall be construed and given the same effect, insofar as may be practicable, as if each provision of the schedule appeared respectively in the statutory provision noted in the column at the left of

the respective description of articles. That being the case, the frog legs in question are dutiable *eo nomine* under the provisions of paragraph 1558, as modified by the said trade agreement, as frog legs, frozen, and other portions of the tariff act may not be resorted to. The designation of an article *eo nomine* prevails over words of general description which might otherwise include the article. *Chew Hing Lung* v. *Wise*, 176 U. S. 156; *United States* v. *Rotberg & Krieger*, 24 C. C. P. A. (Customs) 441, T. D. 48902; *Centennial Flouring Mills Co.* v. *United States*, 29 C. C. P. A. (Customs) 264, C. A. D. 200. Where an article is enumerated in a tariff act, the question of similitude cannot be considered since the similitude clause applies only to unenumerated articles. *P. Silverman & Son* v. *United States*, 32 C. C. P. A. (Customs) 99, C. A. D. 292; *Package Machinery Co.* v. *United States*, 41 C. C. P. A. (Customs) 63, C. A. D. 530. Therefore, the plaintiff's contentions that frog legs are classifiable as fish, by virtue of the similitude clause, or as game, directly or by similitude, are untenable.

Plaintiff argues, however, that the provision for frog legs in the exclusive trade agreement with Cuba is not applicable on the ground that the President had no authority to classify them under paragraph 1558 in that agreement. Under section 350 (a) of the Tariff Act of 1930, as amended, the President is authorized to enter into foreign trade agreements with foreign Governments and to proclaim such modifications of existing duties as are required or appropriate to carry out such agreements. It has been held that the President's authority under this section is limited to the modification of existing rates of duty on existing classifications of merchandise under the respective paragraphs of the Tariff Act of 1930 and that he may not reclassify an article by removing it from one paragraph of the act and providing for it in another. *United States* v. *Canadian National Railways*, 29 C. C. P. A. (Customs) 272, C. A. D. 202; *Abercrombie & Fitch Co.* v. *United States*, 9 Cust. Ct. 336, C. D. 709; *Sandoz Chemical Works, Inc.* v. *United States*, 25 Cust. Ct. 115, C. D. 1273; *Westinghouse Electric International Co.* v. *United States*, 28 Cust. Ct. 209, C. D. 1411. In view of this limitation on the President's authority, it is plaintiff's contention that the President had no power to place frog legs under paragraph 1558 on the ground that they were not properly classifiable under said paragraph in the tariff act, as originally enacted. However, an examination of the legislative and judicial history of the classification of frog legs does not support plaintiff's claim.

As far back as 1891, it was held that dressed frogs were classifiable as unenumerated unmanufactured articles under section 4 of the Tariff Act of 1890. *B. E. Ingersoll* v. *United States*, T. D. 11566, G. A. 741.

Under the Tariff Act of 1897, the Treasury Department was of opinion that dressed frogs and frog legs were classifiable as dressed poultry under paragraph 278 by virtue of the similitude clause (T. D. 24959), but in *F. W. Myers & Co.* v. *United States*, 9 Treas. Dec. 509, Abstract 5410, it was held that they were dutiable as unenumerated unmanufactured articles, "the Board being of the opinion that 'frogs' legs bear no such substantial resemblance to poultry or any of the other meats enumerated in the act as to justify assessment at the same rate by similitude.' "

Thereafter, the Tariff Acts of 1909, 1913, 1922, and 1930 were enacted without any *eo nomine* provision being made for frogs or frog legs. Under such circumstances, the presumption that Congress ratified the judicial construction is controlling in the absence of very compelling reasons to the contrary. *August Bentkamp* v. *United States*, 40 C. C. P. A. (Customs) 70, C. A. D. 500; *Werner G. Smith Co., Div. Archer Daniels Midland Co.* v. *United States*, 40 C. C. P. A. (Customs) 90, C. A. D. 503. In the latter case, the court said:

> The case of a single reenactment subsequent to a decision of the Customs Court is to be distinguished from that wherein subsequent to such a decision Congress has reenacted the construed provision in a series of three or four successive acts. In the latter situation, the doctrine of legislative ratification of judicial construction is controlling in the absence of very compelling reasons to the contrary. The reason for this is that Congress is presumably cognizant of such judicial construction and its consequences, and to hold otherwise in the face of such a series of reenactments would be attributing to that body an unusual indifference or lack of knowledge. That is an attitude to be avoided.

Plaintiff points out that during the Tariff Act of 1922, the Treasury Department classified frog legs as game (T. D. 39871) and that Congress had notice of that ruling when the Tariff Act of 1930 was being prepared. Summary of Tariff Information, 1929, page 1044. However, where a judicial decision and the administrative practice are in conflict, it is the decision rather than the practice which Congress must be presumed to have followed. *United States* v. *Douglas & Berry*, 6 Ct. Cust. Appls. 100, T. D. 35342.

Moreover, under the Tariff Act of 1930, this court has held that frozen headless frogs are properly dutiable under paragraph 1558 as unenumerated unmanufactured articles and are not classifiable as fish, game, meat, or fowl. *Pacific Trading Co.* v. *United States*, 4 Cust. Ct. 251, C. D. 335; *Pacific Trading Co.* v. *United States*, 8 Cust. Ct. 221, C. D. 610. See also *Ti Hang Lung & Co.* v. *United States*, 17 Cust. Ct. 157, Abstract 51209, in which whole dried frogs were classified under paragraph 1558 as unenumerated manufactured articles.

Thus, the provision for frog legs under paragraph 1558 in the exclusive trade agreement with Cuba, T. D. 51819, is not a reclassification of such merchandise by the President, but is a modification of

existing duties such as is permitted by section 350 (a) of the Tariff Act of 1930, as amended.

Moreover, this division of the court takes judicial notice of the vast difference between frogs and fish in appearance, structure of the body, habits, and texture of the meat. Every barefoot country boy who has hunted and caught frogs knows that frogs do not resemble fish. They have no fins, tails, or gills, as do fish, but breathe through their nostrils and are unable to live under water for any length of time. Only their hind legs are edible, and the taste is entirely different from any species of fish. An order for frog legs would not be filled by substituting fish.

For the reasons above stated, we hold that the imported merchandise, frozen frog legs, is properly dutiable as assessed by the collector at 8 per centum ad valorem under the *eo nomine* provision therefor in paragraph 1558 of the Tariff Act of 1930, as modified by the exclusive trade agreement with Cuba, T. D. 51819.

The protest is overruled, and judgment will be entered for the defendant.