(C.D. 2972)

Keer, Maurer Company *v.* United States

United States Customs Court, Second Division

(Decided April 17, 1967)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff. *Barefoot Sanders*, Assistant Attorney General (*Bernard J. Babb, Harold L. Grossman,* and *Avram Weisberger*, trial attorneys), for the defendant.

Before Rao, Ford, and Richardson, Judges

Richardson, Judge: The merchandise at bar, described on the invoice as Model 200 two speed pressure whisk with flour feeder, was imported at Philadelphia from Great Britain (Scotland) and classified in liquidation under 19 U.S.C.A., section 1001, paragraph 353 (paragraph 353, Tariff Act of 1930) as modified by T.D. 52739 as an article having as an essential feature an electrical element or device at the duty rate of 13¾ per centum ad valorem. It is claimed by the plaintiff-importer, among other things, that the merchandise should be classified under the provision for bakery machines under 19 U.S.C.A., section 1001, paragraph 372 (paragraph 372, Tariff Act of

1930) as modified by T.D. 54108 at the duty rate of 12½ per centum ad valorem.

No question is presented as to the nature of the involved merchandise, which, according to the undisputed evidence of record, is a cake batter mixer which is used in the commercial cake baking industry in the perparation and mixing of cake batters under air pressure. The mixer is powered by a built-in electric motor which was imported with the mixer. And the importer concedes that the article in question is an essentially electric article. Hence, it would appear that the article in question is covered in both of the competing paragraphs placed before the court. Consequently, the only question before us is one of law, namely, which of the competing tariff provisions more specifically describes the merchandise at bar.

The involved tariff provisions read as follows:

[Par. 353]

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs;

all the foregoing, and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for, 35 per centum ad valorem.

[Par. 372]

* * * all other machines, finished or unfinished, not specially provided for, 27½ per centum ad valorem * * *.

The trade agreement modification of paragraph 353 (T.D. 52739) here involved reduced the duty to 13¾ per centum ad valorem. The trade agreement modification of paragraph 372 (T.D. 54108) pertinent to this case reduced the duty to 12½ per centum ad valorem, but also purports to add the provision "bakery machines" to the language of the residual clause above noted. It is this trade agreement addendum which plaintiff relies on to support its claim for classification of the mixer.

There can be little doubt that if the designation "bakery machines" were part of the language of paragraph 372 per force of the Tariff Act of 1930 it would take precedence over the above mentioned language of paragraph 353 of that Act in competition between these tariff provisions. In such a case the provision for "bakery machines" would be regarded as being more specific than the provision for electrical articles, the former being a preferential *eo nomine* designation by use while the latter being only a general designation. *Julius Forstmann & Co.* v. *United States,* 28 CCPA 222, C.A.D. 149. However, the fact remains that the provision for "bakery machines" is not part of the language of paragraph 372 in any category other than the residual clause, which clause is also one of a general designation. *Commercial*

*Adolfo S. Pagan, Inc., et al.* v. *United States,* 48 Cust. Ct. 210, 215, C.D. 2337.

In cases involving competition between the aforementioned provisions of paragraphs 353 and 372, the former has been deemed to be more specific than the latter for classification purposes. *United States* v. *Dryden Rubber Co.,* 22 CCPA 51, T.D. 47050; *J. E. Bernard & Company, Inc.* v. *United States,* 33 Cust. Ct. 456, Abstract 58579. What difficulty of determination exists seems to arise in cases only where the issue turns on whether paragraph 372 machines are to be classified under an *eo nomine* use designation outside of the residual clause, or are to be relegated to classification within the residual clause, *vis a vis* a paragraph 353 classification or claim. *United States* v. *Ameris Trading Co.,* 41 CCPA 151, C.A.D. 542, reversing *Ameris Trading Co.* v. *United States* (one judge dissenting), 29 Cust. Ct. 169, C.D. 1463. However, the instant case presents no such difficulty. The trade agreement provision for "bakery machines" adds nothing to the solution of the relative specificity of the two competing general tariff provisions here involved, as a trade agreement cannot affect the classification status of imported merchandise. *United States* v. *Canadian National Railways,* 29 CCPA 272, C.A.D. 202; *Atalanta Trading Corp.* v. *United States,* 32 Cust. Ct. 19, C.D. 1574; *Westinghouse Electric International Co.* v. *United States,* 28 Cust. Ct. 209, C.D. 1411; *Sandoz Chemical Works, Inc.* v. *United States,* 25 Cust. Ct. 115, C.D. 1273; *Abercrombie & Fitch Co.* v. *United States,* 9 Cust. Ct. 336, C.D. 709. It follows, therefore, that the classification claim made by the plaintiff must fail, depending as it does solely upon the alleged treaty modification.

Plaintiff also contends in its protest that the motor should be classified separately, and under paragraph 353. This claim, although not pressed in argument by the plaintiff, has not been expressly abandoned either. However, we find nothing in the testimony of the two witnesses whom plaintiff called on its behalf which throws any light on the issue of entireties which the claim presents, or which in any way rebuts the conclusion necessarily reached by the collector that the involved merchandise is dutiable as an entirety. Consequently, this latter claim must also fail.

For the reasons stated, we hold that plaintiff has failed to present any evidence to rebut the presumption of correctness attaching to the classification here involved. The protest is, therefore, overruled.

Judgment will be entered accordingly.